# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LATONE BRITTON, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 3:16-cv-01863<br>) Judge Trauger<br>) |
| MYRON BATTS, Warden, *et al.*, | )<br>)<br>) |
| Respondents. | |

## MEMORANDUM AND ORDER

Pending before the court is Latone Britton's motion for relief pursuant to 18 U.S.C. § 3582 in which he asserts that he is entitled to a reduction of his sentence based on the Supreme Court's ruling in *Hughes v. United States*, — U.S. ——, 138 S. Ct. 1765, — L. Ed. 2d —— (2018). (Doc. No. 6).

By order entered on July 30, 2018, the court directed the government to respond to the motion. (Doc. No. 9). The government responded, contending that the defendant's motion should be denied because, under the terms of the plea agreement, he waived his right to seek relief pursuant to § 3582 and his guideline range was calculated based upon his career offender status under guideline § 4B1.1, which makes Amendment 782 inapplicable. (Doc. No. 12).

## I.    Transfer of Britton's Motion to His Criminal Proceedings

As a preliminary matter, Britton filed the pending § 3582(c) motion in his civil case. Generally, a § 3582(c) motion is considered "a criminal motion" and "a continuation of a criminal case" instead of a civil matter. *See United States v. Brown*, 817 F.3d 486, 488–89 (6th Cir. 2016) ("'Because [its] purpose . . . is to ask the sentencing court to reduce a sentence in light of changes

1

to the Sentencing Guidelines,' a § 3582(c) motion 'is part of the defendant's criminal proceeding.'") (citing *United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008) (per curiam)). Moreover, "§ 3582(c) is found in Title 18 of the United States Code, which covers 'Crimes and Criminal Procedure.'" *Brown*, 817 F.3d at 488–89 (observing that nine circuits have agreed that a § 3582(c) motion is a continuation of a criminal proceeding and listing cases); *see Rivers v. United States*, No. 3:11 CR 194-13, 2018 WL 4333969, at 3* (M.D. Tenn. Sept. 11, 2018) (transferring § 3582(c) motion from petitioner's civil case to his criminal case). Accordingly, the court hereby **TRANSFERS** Britton's motion to his underlying criminal proceeding, Case No. 3:11-cr-00207, and **STRIKES** the motion from his civil case.

## II. Background

On November 1, 2013, the court accepted a Rule 11(c)(1)(C) plea agreement in which the defendant entered a plea of guilty to Count One, possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1), and to Count Two, using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). (Case No. 3:11-cr-00207, Doc. No. 90 at PageID# 413-26). As per the plea agreement, the parties recommended agreed-upon guideline calculations. (*Id*. at PageID # 419). The recommended offense level was 19 as to Count One of the Indictment, and a mandatory consecutive five year (60 month) sentence on Count Two. (*Id*. at PageID # 418-420). The agreed-upon guideline calculation was significantly lower than the defendant's applicable guideline level of 29. Pursuant to Rule 11(c)(1)(C), the parties agreed the defendant would be sentenced to a term of 48 months

2

imprisonment as to Count One and a consecutive 60 month sentence as to Count Two, for a total term of imprisonment of 108 months.[1] (*Id.* at PageID # 420-21).

As part of the plea agreement, the defendant knowingly and voluntarily waived the right to appeal any sentence imposing the foregoing terms of imprisonment. (*Id.* at PageID # 421, 423). The defendant also knowingly waived "the right to challenge the sentence imposed in any collateral attack, including but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or 18 U.S.C. § 3582(c)." (*Id.* at PageID # 423).

On February 5, 2014, the court sentenced defendant to 48 months imprisonment as to Count One and a consecutive sixty (60) month sentence as to Count Two. (Case No. 3:11-cr-00207-1, Doc. No. 91 at PageID # 428).

## II.    Analysis

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). A defendant is not eligible for a sentence reduction if a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.1(a)(2)(B). The decision whether to reduce a sentence must be based on the sentencing factors set forth in 18 U.S.C. § 3553(a), and any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

---

[1] The agreement noted the total term of imprisonment to be 98 months instead of 108 months. (Case No. 3:11-cr-00207, Doc. No. 90 at PageID # 419). Prior to sentencing, the defendant acknowledged this mathematical error and agreed that the intended term of imprisonment under the agreement was 108 months. (*Id.*, Doc. No. 88 at PageID # 404).

3

The defendant's motion for relief relies on Amendment 782 to the sentencing guidelines, which went into effect on November 1, 2014, just under a year after the defendant's sentencing. Amendment 782 amended sentencing guideline § 2D.1.'s drug quantity table to reduce by two levels the base offense level for most drug offenses. Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. U.S.S.G. Manual App. C, amend. 788.

In his motion, Britton contends that, under the Supreme Court's recent decision in *Hughes*, he should receive the benefit of Amendment 782 because the sentencing guidelines assisted the court in sentencing him. In *Hughes*, the Supreme Court held that a defendant who was sentenced under a plea agreement authorized by Federal Rule of Criminal Procedure 11(c)(1)(C) may seek a sentence correction if his sentence was "based on" a sentencing guidelines range that was subsequently reduced by the Sentencing Commission. A sentence will be "based on" a guidelines range "if the range was a basis for the court's exercise of discretion in imposing a sentence." *Hughes*, 138 S. Ct. at 1775. Typically, there is no doubt "that the defendant's Guidelines range was a basis for his sentence" because "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case." *Id*. (citing 18 U.S.C. § 3553(a)). The guidelines are "the starting point for every sentencing calculation in the federal system," and "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is no exception." *Peugh v. United States*, 569 U.S. 530, 542 (2013); *Hughes*, 138 S. Ct. at 1776.

In the instant case, it is undisputed that Britton entered into a "Type-C" agreement in which the parties agreed that the appropriate term of imprisonment was 104 months. The court was required to consider the applicable advisory guideline range in imposing a sentence. *See* U.S.S.G. § 6B1.2(c). However, even if the court's imposition of the Rule 11(c)(1)(C) agreed-upon sentence

4

was "based on" the guidelines under *Hughes*, the decision does not provide Britton the relief he seeks for at least two reasons.

First, Amendment 782 did not lower the offense levels applicable to career offenders. *See* U.S.S.G. App. C, Amend. 782. Britton does not challenge the court's prior determination that he is a career offender.

Second, Britton's ultimate guideline range was "based on" his career offender status, not his drug quantity. The Presentence Report calculated the defendant's base offense level on Count One to be level 20. Two points were added for obstruction of justice, resulting in an adjusted offense level of 22. However, due to the defendant's prior drug trafficking convictions, he was determined to be a career offender under Guideline § 4B1.1, resulting in an offense level of 32. The defendant received a three-level departure for acceptance of responsibility, resulting in a total offense level of 29. His criminal history category was VI, resulting in a guideline sentencing range of 262-327 months.

Because Britton's guidelines range was calculated on the basis of the career offender guidelines, any amendment to the drug guideline would not "have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B). In other words, Amendment 782 has no impact on Britton's sentencing guideline calculation because he was sentenced under the career offender provision; therefore, he is not eligible for relief under § 3582(c)(2), and *Hughes* does not apply under these circumstances. *See United States v. Cook*, 870 F.3d 464, 470-471 (6th Cir. 2017) (holding a § 3582(c) motion relying on Amendment 782 is not proper where a defendant's sentence is based upon his status as a career offender); *United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016) (holding that defendant was ineligible for a sentence reduction under § 3582(c)(2) because Amendment 782 did not lower the sentencing range

in the career-offender provision of the sentencing guidelines). *See also United States v. Gary Lockett,* No. 7:11-CR-28 (HL), 2018 WL 4387622, at *2 (M.D. Ga. Sept. 14, 2018) (denying defendant relief under *Hughes* because, in addition to other reasons, "where a defendant is sentenced under § 4B1.1 and not under the Drug Quantity Table in § 2D1.1(c), the defendant is ineligible for § 3582(c)(2) relief"); *United States v. Evans,* Criminal No. 13-173, 2018 WL 3862094, at *3 (W.D. Penn. Aug. 14, 2018) (denying relief under *Hughes* because, "[w]here application of an amendment to the Guidelines does not lower a defendant's sentencing range due to his status as a career offender, a reduction of sentence is not authorized" under § 3582(c)(2)).

Finally, as the government points out, *Hughes* did not address a situation, such as the present one, where a defendant expressly waives his right to challenge a sentence of imprisonment imposed pursuant to a Type-C plea agreement in any collateral attack, including but not limited to a § 2255 motion and a § 3582 motion. At least one judge in our district has ruled that, in such circumstances, the waiver still applies after *Hughes*. *See United States v. Rivers*, No. 3:11 CR 194-13, 2018 WL 4333969, at *4 (M.D. Tenn. Sept. 11, 2018) ("we agree with the government that Rivers waived his right to file the pending § 3582(c) motion, and under the terms of the Agreement he is barred from bringing the instant motion"). Although the undersigned is undecided as to whether *Hughes* left any room for a Type-C waiver to apply and block a defendant's ability to pursue collateral relief, in this case, the court need not decide because Britton's § 3582 motion fails for the other two reasons stated above.

**III.     Conclusion**

Britton's motion for a reduction of sentence pursuant to *Hughes*, Amendment 782 of the sentencing guidelines, and 18 U.S.C. § 3582(c)(2) (Doc. No. 6) is hereby **DENIED**.

It is so **ORDERED**.

ENTER this 24th day of October 2018.

_____
Aleta A. Trauger
United States District Judge